NOT DESIGNATED FOR PUBLICATION

No. 128,101

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NEWTON HEALTHCARE CORPORATION,
*Appellee*,

v.

KELLY BARNES AND IAN L. BARNES,
*Appellants*.

MEMORANDUM OPINION

Appeal from Harvey District Court; JOSEPH UHLMAN, magistrate judge. Submitted without oral argument. Opinion filed May 22, 2026. Affirmed.

*Ian L. Barnes* and *Kelly R. Barnes*, appellants pro se.

*Reese D. Hiebert*, of Pankratz & Hodge, P.A., of Newton, for appellee.

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Ian L. Barnes and Kelly Barnes timely appeal pro se from the district court's order of judgment finding them liable for unpaid medical bills to Newton Medical Center (NMC) for services rendered to Kelly. Ian and Kelly argue the district court erred in finding Ian liable for Kelly's medical bills under the doctrine of necessaries. They further argue the district court abused its discretion in relation to discovery and other pretrial matters. After careful review, we note the district court found Kelly and Ian liable based on breach of contract, which is a point they have not appealed. We further find no abuse of discretion in how the district court handled various pretrial matters

1

which Kelly and Ian complain of on appeal. Moreover, they failed to properly brief the point. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Kelly Barnes sought treatment at Newton Medical Center on January 12, 2023. Kelly signed a consent to treatment form for the services performed and Ian signed an authorizations and agreements form wherein he agreed to pay for services rendered to Kelly. On January 30, 2023, Kelly sought additional treatment and signed an authorizations and agreements form wherein she agreed to pay for services rendered. The total balance was $3,687.48. NMC attempted to collect what was owed, but Kelly and Ian refused to pay.

NMC filed suit in a limited-action case seeking judgment against Kelly and Ian. The district court ultimately granted judgment in favor of NMC. Additional facts are set forth as necessary.

ANALYSIS

*The district court properly granted judgment in favor of NMC.*

Ian and Kelly argue the district court erred in finding Ian responsible for Kelly's unpaid medical expenses under the doctrine of necessaries. See *St. Francis Regional Medical Center v. Bowles*, 251 Kan. 334, 340-41, 836 P.2d 1123 (1992) (spouse may be held liable for goods or services provided for the other spouse when the other spouse is unable to pay). Although this was a point raised by NMC in its pretrial filings, the district court ultimately found Ian and Kelly liable based on a breach of contract.

2

The record reflects that the district court did not apply the doctrine of necessaries as Ian and Kelly claim. In relevant part, the district court's journal entry of judgment reflected Kelly signed a consent to treatment form for services performed on January 12, 2023. That same date, Ian signed an authorizations and agreements form wherein he agreed to pay for services rendered to Kelly. On January 30, 2023, Kelly sought additional treatment and signed an authorizations and agreements form wherein she agreed to pay for services rendered. The district court noted there was a total balance of $3,687.48, which Kelly and Ian refused to pay. The district court specifically found Kelly and Ian were "in breach of the agreements they signed" and granted NMC judgment on that basis.

Ian and Kelly have not addressed the district court's finding they were in breach of contract; thus, even if we assumed the district court also considered the doctrine of necessaries, we would uphold the district court's decision on an alternative basis not appealed. When a district court provides alternative bases to support its ultimate ruling on an issue and an appellant fails to challenge the validity of both alternative bases on appeal, we may decline to address the appellant's challenge to the district court's ruling. *National Bank of Andover v. Kansas Bankers Surety Co.*, 290 Kan. 247, 280, 225 P.3d 707 (2010). Here, we uphold the ruling below and decline to further address Ian and Kelly's challenge to the district court's order of judgment.

*There were no procedural errors.*

Ian and Kelly further argue the district court abused its discretion in declining to reopen discovery, failing to rule on NMC's motion for summary judgment, and denying their motion to continue the trial. They provide no citation to the record to show where these claims were raised and ruled on below, and fail to support the point with a coherent explanation in relation to any citation to authority in this portion of their brief. See Supreme Court Rule 6.02(a)(4), (a)(5) (2026 Kan. S. Ct. R. at 36). Although they cite to

3

Kansas statutes regarding discovery in civil cases, they fail to explain how those statutes apply here, much less any error by the district court under any applicable discovery rules.

The district court ordered discovery closed in its journal entry from the pretrial hearing on April 2, 2024. The day before the bench trial, Ian filed a motion to reopen discovery and continue the trial. The district court took up the motion to reopen discovery and request for continuance at the outset of the bench trial. It denied the motion, noting this was a limited-action case and Ian's purpose in reopening discovery was to depose a witness who was already present to testify at trial. The district court found this was not appropriate under the circumstances in a limited-action case.

Ian and Kelly fail to explain how the district court erred in the context of a limited-action proceeding; rather, they cite to general rules of civil procedure without meaningful explanation. Based on the deficiencies in Ian and Kelly's briefing of this issue, we deem the point abandoned. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018).

Additionally, it is hard to fathom any prejudicial error that could have resulted if the district court had failed to rule on NMC's motion for summary judgment. If the motion had been granted, it would have been to Ian and Kelly's detriment. If not, the matter would have proceeded to trial, which is exactly what happened here. It is clear from the journal entry of the pretrial hearing on April 2, 2024, the district court denied NMC's motion for summary judgment. We observe no merit to any of the procedural complaints Ian and Kelly raise on appeal. Accordingly, we affirm the district court's judgment in favor of NMC in the amount of $3,687.48.

Affirmed.